## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Matthew J. Deurmeier, am a Special Agent (SA) of the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed by the FBI as a Special Agent for over eleven years and am currently assigned to the FBI Bozeman Resident Agency in Bozeman, Montana. I have training and experience in conducting federal criminal investigations and have worked criminal matters involving terrorism, violent criminal offenses, firearm offenses, kidnappings, and civil rights matters. I have participated in numerous criminal investigations and have received extensive training and experience in the conduct of criminal investigations.

2. This affidavit is submitted in support of a criminal complaint charging Vincent Harry Kopacek with attempted sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a); abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(3) and assault within maritime and territorial jurisdiction, in violation of 18 U.S.C. § 113 (a)(5). *See also* 49 U.S.C. § 46506(1) (an individual on an aircraft who commits an act that would violate section 113 or chapter 109A of title 18 shall be fined/imprisoned under the title 18 section).

1

3. The facts set forth in this Affidavit are based upon my personal involvement in this investigation, training and experience, my review of relevant evidence, and information supplied to me by other law enforcement officers. This Affidavit is intended to show that there is probable cause to arrest and detain Kopacek for the crimes specified herein and does not purport to set forth all of my knowledge of, or investigation into, this matter.

## STATUTE

4. 18 U.S.C. § 2243(a) states, "Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging; or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both. "Sexual act" means "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D).

5.  18 U.S.C. § 2244(a)(3) states, "Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in or causes sexual contact with or by another person, if so to do would violate subsection (a) of section 2243 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than two years, or both."

6.  18 U.S.C. § 113(a)(5) states, "Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both."

7.  18 U.S.C. § 46506(1) state, "An individual on an aircraft in the special aircraft jurisdiction of the United States who commits an act that if committed in the special maritime and territorial jurisdiction of the United States (as defined in section 7 of title 18) would violate section 113, 114, 661, 662, 1111, 1112, 1113, or 2111 or chapter 109A of title 18, shall be fined under title 18, imprisoned under that section or chapter, or both."

## SUMMARY OF INVESTIGATION AND PROBABLE CAUSE

8.  On July 9, 2021, an officer with the Bozeman Yellowstone International Airport Public Safety Office contacted your affiant to report that the previous night, July 8, a fifteen year old female was assaulted while in-flight on Allegiant Airlines Flight 2606 from Austin, Texas to Bozeman, Montana. The flight landed at approximately 10:30pm. The female, whose name is known to your affiant and identified as "AG" for the purpose of this affidavit, was traveling with her family on a vacation. Upon departing the Bozeman airport and checking into a local hotel, AG reported the incident to her sibling and then her parents. AG's parents then contacted law enforcement.

9.  On July 9, 2021, AG's parents consented to a forensic interview of AG. That interview was conducted in Bozeman by a detective who is a certified forensic examiner. Your affiant observed the interview while it took place.

10. During the course of the interview, AG provided the following:

    a.  AG sat on the right side of the aircraft, in window seat 15F on flight 2606. She sat next to her sister who sat next to her mother who had an aisle seat. AG's father and brother sat several rows ahead. AG's seat was fully upright during the flight.

    b.  Prior to takeoff from Austin, AG stated that the male sitting directly behind her in seat 16F reached his hand around her seat, between her seat and the

4

interior wall of the aircraft. AG did not know the male. AG described his hands as dry and rough. The male first had his hands on her seat and then proceeded to touch her body as the flight progressed.

 c. During the flight, the male moved his fingers along AG's seat then onto her body. Shortly after takeoff, the male grabbed and squeezed her arm. He then moved his hand between her arm and her torso, brushed his fingers along her torso and grabbed her waist. At some point, the male touched her chest and groped her breast over her clothes. AG stated that the male attempted to touch the front of her pants near her waistline but she moved and her shirt covering her waistline kept him from doing so.

 d. During the flight, AG adjusted her body several times to get the person to stop and the hand would withdraw and then continue touching her. Several times during the flight, AG got up from her seat to use the restroom. She observed the male in his seat and observed that he appeared to be asleep although he continued touching her when she returned to her seat. AG observed that no one occupied the seat next to the male.

 e. AG stated the activity took place from prior to takeoff in Austin to approximately twenty minutes before landing in Bozeman.

  f. During the flight, AG took over twenty short videos and several photographs with her cell phone to document the contact.

  g. AG described the individual as an older white male with white hair, glasses, blue eyes, and wearing a green shirt.

  h. When the aircraft landed in Bozeman, prior to exiting the aircraft, AG took several photographs of the male sitting in his seat. While walking to baggage claim in the Bozeman airport, AG took another photograph of the male.

  i. AG stated she was uncomfortable with the male touching her and during the flight she tried to distract herself so she would not cry. AG was scared that the male would get his hand into her pants. AG felt disrespected and gross by the male touching her and felt guilty for not speaking up.

  11. AG and her parents consented to law enforcement downloading the videos and photographs pertaining to the incident on the aircraft. Your affiant reviewed those items and observed what appeared to be a larger, white hand in between AG's seat and the interior wall of the aircraft. In at least one video, the hand is groping AG over her shirt while AG looks at her phone. The photographs of the male confirm AG's description of the male.

  12. Officer with the Bozeman Yellowstone International Airport Public Safety Office reviewed airport surveillance footage and identified the male based on the

6

description from the photographs. The officers located the male and traced his movements through the airport from exiting the aircraft to baggage claim. At some point, the male met up with two other males and a female. The group walked in the direction of the rental car area of the airport. One of the other males went to the Avis rental counter and secured a rental vehicle. The group exited the airport and departed in the vehicle.

13. The officers contacted employees with Avis Rental Car and determined that the individual who rented the vehicle was Chris Kopacek who provided an Arizona driver's license. The driver rented a silver Toyota Highlander, Oregon plate 779MQK and it is scheduled to be returned on July 11, 2021 before 5:00pm.

14. Officers contacted employees with Allegiant Airlines who provided the name of the individual sitting in seat 16F on Allegiant Flight 2606. That individual was identified as Vincent Harry Kopacek. Database queries for Kopacek identify him as a 76 year old white male and resident of Fredericksburg, Texas. Kopacek wears corrective lenses and has blue eyes. Employees with Allegiant Airlines provided that Kopacek is scheduled to depart from Bozeman to Austin on July 11, 2021 at 5:50pm.

## CONCLUSION

15. Based on the information contained in this Affidavit, there is probable cause to believe that Vincent Harry Kopacek willfully had attempted sexual abuse of a minor,

abusive sexual contact, and assault within maritime and territorial jurisdiction, namely on an aircraft.

_____
Matthew J. Deurmeier, Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this __12__ day of July 2021

_____
Hon. Kathleen L. DeSoto
United States Magistrate Judge